IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cincinnati Specialty Underwriters Insurance Company, | ) ) ) | |
| Plaintiff, | ) ) | **COMPLAINT** <br> **(Declaratory Judgment)** |
| vs. | ) ) | C.A. No. 4:21-983 JD |
| Accurate Building Company, LLC, Cameron Village Townhomes Homeowners' Association of Myrtle Beach, Inc., and Beazer Homes, LLC f/k/a Beazer Homes Corp., | ) ) ) ) ) | **(Non-Jury)** |
| Defendants. | ) | |

The plaintiff, Cincinnati Specialty Underwriters Insurance Company ("CSU"), by and through its undersigned counsel, complaining of the above-named defendants, Accurate Building Company, LLC ("Accurate Building"), Cameron Village Townhomes Homeowners' Association of Myrtle Beach, Inc. ("Cameron Village HOA") and Beazer Homes, LLC f/k/a Beazer Homes Corp. ("Beazer"), respectfully alleges and would show unto the court as follows:

**NATURE OF ACTION**

1. This action is brought pursuant to the provisions of the Uniform Declaratory Judgment Act as codified in 28 U.S.C. § 2201.

**PARTIES**

2. CSU is an insurance company organized and existing under the laws of the state of Ohio, with its principal place of business in Cincinnati, Ohio. CSU issues insurance policies in South Carolina and insures property and interests located within South Carolina.

3. Upon information and belief, Accurate Building is a limited liability company organized and existing under the laws of South Carolina with its principal place of business in South Carolina.

4. Upon information and belief, Cameron Village HOA is a nonprofit South Carolina corporation which operates in Horry County, South Carolina, at a community known as Cameron Village.

5. Upon information and belief, Beazer is a limited liability corporation organized under the laws of the State of Delaware, conducts business in Horry County, South Carolina, and was the general contractor for the Cameron Village townhome community.

6. The insurance policies at issue were issued and delivered to Accurate Building in South Carolina. Accurate Building and Cameron Village HOA are citizens and residents of South Carolina. Beazer performed work at Cameron Village in South Carolina. CSU is therefore informed and believes that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. CSU is further informed and believes that jurisdiction is proper in this Court in that there is a diversity of citizenship between the parties as CSU is an insurance company with its principal place of business in Ohio and the defendants are citizens and residents of states other than Ohio, and the amount in controversy exceeds $75,000.000. Therefore, this Court has jurisdiction based upon 28 U.S.C. § 1391 and 28 U.S.C. § 1332.

8. This declaratory judgment action arises out of claims made by Cameron Village HOA against Accurate Building regarding alleged construction defects specifically related to and arising out of the performance of certain construction work done by Accurate Building at Cameron Village ("the Project"), a townhouse condominium development located in Horry County, South Carolina. Beazer has made an additional insured tender to CSU under the policies of insurance issued by it to Accurate Building.

**Factual Allegations**

9. On October 30, 2019, Cameron Village HOA filed a Complaint in the Court of Common Pleas for Horry County, South Carolina, C.A. No. 2019-CP-26-06989, captioned

*Cameron Village Townhomes Homeowners' association of Myrtle Beach, Inc. v. Beazer Homes, LLC f/k/a Beazer Homes Corp, et al..* ("Underlying Lawsuit"). The Complaint was amended on several occasions, the most recent iteration of which is the Third Amended Complaint. Accurate Building and Beazer answered the Third Amended Complaint and asserted cross claims against various parties. Accurate Building answered the cross claims asserted by Beazer against it. True and accurate copies of the Third Amended Complaint; Beazer's Answer to Third Amended Complaint and Cross Claims; Accurate Building's Answer to Third Amended Complaint and Cross Claims; and Accurate Building's Answer to Beazer's Cross Claims are attached as **Exhibit A**, the allegations of which are incorporated herein by reference.

10. In the Complaint, Cameron Village HOA alleges that Cameron Village consists of forty-four (44) vinyl sided and stone clad buildings containing one hundred eighty (180) units.

11. According to the Complaint, Accurate Building was engaged in the construction and/or repair of the townhome condominiums and installed roofing and related flashings on and/or to the townhome condominium units located at the Project.

12. Cameron Village HOA alleges that Accurate Building is liable to it under causes of action for negligence/gross negligence, breach of implied warranty and unfair trade practices.

13. After being served with the Complaint in the Underlying Lawsuit, Accurate Building tendered the Lawsuit to CSU for defense and indemnification. CSU is currently defending Accurate Building under a full and complete reservation of rights.

14. Based on information provided by Accurate Building to CSU, CSU is informed and believes that the scope of work for which Accurate Building was retained was performed solely by subcontractors engaged by Accurate Building.

15. CSU is further informed and believes, based on information provided by Accurate Building, that Accurate Building did not have any written contracts with the subcontractors who performed the work.

16. Commencing in 2014, CSU first issued a commercial general liability policy, policy number CSU005529, to Accurate Building for the policy period beginning February 19, 2014 to February 19, 2015 and continuing, via annual renewals, through February 19, 2019 ("the Policies"). A copy of each policy is attached as **Exhibit B**, **Exhibit C**, **Exhibit D, Exhibit E and Exhibit F,** the terms and conditions of which are incorporated herein by reference.

17. The Policies issued by CSU are commercial general liability policies of insurance. The Policies, pursuant to their respective Declarations, provide for the following limits of liability: $1,000,000 per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate.

18. Beazer tendered the defense and indemnification of the Underlying Lawsuit to CSU asserting that it is an additional insured under the Policies. CSU has accepted the tender under a full and complete reservation of rights under the Policies.

19. A justiciable controversy exists between the parties in this action concerning whether coverage exists under the Policies for the damages as alleged in the Underlying Lawsuit.

20. CSU is entitled to a judicial declaration that the Policies issued to Accurate Building do not provide coverage for the allegations raised in the Underlying Lawsuit and, therefore, CSU has no duty to defend or indemnify in connection with the Underlying Lawsuit.

**FOR A FIRST DECLARATION**
**(No Coverage Under the 2014-2015 Policy and the 2015-2016 Policy)**

21. CSU incorporate as if fully stated herein, the allegations contained in paragraphs 1-20 above.

4

22. The insuring agreement in the 2014-2015 policy and the 2015-2016 policy provides, in relevant part, as follows:

**Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

    \* \* \*

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period;

    . . .

23. Cameron Village HOA alleges that damages began from the date of completion of the Project and continued until the present.

24. Upon information and belief, Accurate Building completed its work in May, 2016.

25. No coverage is provided under either the 2014-2015 policy or the 2015-2016 policy, which expired on February 19, 2016, because, to the extent that any "property damage" is alleged in the Complaint in the Underlying Lawsuit, it occurred after expiration of the policies.

26. Therefore, CSU is entitled to a declaration that it has no duty to defend or indemnify Accurate Building or Beazer, as an additional insured, under the 2014-2015 and 2015-2016 policies.

5

**FOR A SECOND DECLARATION**
**("Exclusion – Tract Homes and Multi-Family Housing With Exceptions" Endorsement)**

27. CSU incorporates as if fully stated herein, the allegations contained in paragraphs 1-26 above.

28. The 2018-2019 policy contains a "Tract Homes and Multi-Family Housing With Exceptions" exclusion endorsement, which provides as follows:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

A. The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2 – Personal and Advertising Injury Liability:**

1. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" caused by, arising out of, in whole or in part, "your work" included in the "products-completed operations hazard" or operations related to any job or project involving "new construction" of:

    a. "Multi-family housing", intended for human habitation including common areas and appurtenant structures of those structures; or

    b. "Tract homes" constructed in a "master planned community" or constructed in the same development.

Paragraph **1.a.** of this exclusion does not apply to any multi-family housing unit consisting of four individual units or less in one building, if the building is not part of any planned development consisting of the same or similar type structures or "master planned community".

Paragraph **1.b.** of this exclusion applies only when you or others on your behalf perform or have performed operations or work on ten (10) or more homes within one "master planned community" or housing development.

B. For the purposes of this endorsement, the following definitions apply:

1. "Tract homes" means homes or housing consisting of identical, nearly identical or similar construction, design, style or floor plan constructed together:

    a. On a similar tract of land;

6

        **b.**        In the same housing development; or

        **c.**        In a "master planned community".

**2.**    "Master planned Community" means a development built according to a plan that includes but is not limited to, residential homes, commercial buildings, educational facilities and community facilities.

**3.**    "Multi-family housing" means condominiums, townhomes, or similar housing where multiple residential units are joined to comprise one building or several buildings within a complex. "Multi-family housing" does not include apartment buildings owned by one entity where each unit is rented to others.

**4.**    "New construction" means the first or initial finish-out work to the interior or exterior of any building, structure or real property that has never been occupied. "New construction" does not include the repair, remodeling, renovation, maintenance, or modification of any occupied or previously occupied existing real property.

29. Upon information and belief, the Project is comprised of forty-four (44) vinyl sided and stone clad buildings containing one hundred eighty (180) townhomes.

30. Upon information and belief, the Project involved new construction.

31. Therefore, the Tract Homes and Multi-Family Housing With Exceptions exclusion operates to exclude coverage under the 2018-2019 policy and CSU has no duty under the policy to defend or indemnify Accurate Building or Beazer, as an additional insured, for the claims made in the Underlying Lawsuit.

**FOR A THIRD DECLARATION**
**("Independent Contractors Limitations" Endorsement)**

32. CSU incorporates as if fully stated herein the allegations contained in paragraphs 1-31 above.

33. The Policies contain an "Independent Contractors Limitations" endorsement, which provides as follows:

This endorsement modifies insurance provided under the following:

7

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

A.  **Section IV – Commercial General Liability Conditions** is amended to include the following language:

As a condition to and for coverage to be provided by this policy, you must do all of the following:

1.  Obtain a formal written contract with all independent contractors and subcontractors in force at the time of the injury or damage verifying valid Commercial General Liability insurance written on an "occurrence" basis with Limits of Liability of at least:

    a.  $1,000,000 each "occurrence";
    b.  $2,000,000 general aggregate, per project basis; and
    c.  $2,000,000 Products-Completed Operations aggregate.

2.  Obtain a formal written contract stating the independent contractors and subcontractors have agreed to defend, indemnify and hold you harmless from any and all liability, loss, actions, costs, including attorney fees for any claim or lawsuit presented, arising from the negligent or intentional acts, errors or omissions of any independent contractor and subcontractors, including costs of defense, arising from the work of the independent contractor.

3.  Verify in the contract that your independent contractors and subcontractors have named you as an additional insured on their Commercial General Liability Policy for damages because of "bodily injury", "property damage", and personal and advertising injury" arising out of or caused by any operations and completed operations of any independent contractor or subcontractor. Coverage provided to you by any independent contractor or subcontractor must be primary and must be provided by endorsement CG 20 10 (7/04 edition) and CG 20 37 (7/04 edition), or their equivalent. Completed operations coverage must be maintained for a minimum of two years after the completion of the formal written contract.

**This insurance will not apply to any loss, claim or "suit" for any liability or any damages arising out of operations or completed operations performed for you by any independent contractors or subcontractors unless all of the above conditions have been met.**

8

34. The above-referenced endorsement is a condition precedent to coverage under the Policies, and upon information and belief, Accurate Building may have failed to satisfy one or more conditions of the endorsement. Therefore, the Policies afford no coverage for the damages alleged in the Complaint filed in the Underlying Lawsuit, and CSU does not owe a duty to defend or indemnify Accurate Building. To the extent that Beazer has failed to satisfy one or more of the conditions of the endorsement, CSU does not owe a duty to defend or indemnify Beazer.

**FOR A FOURTH DECLARATION**
**("Limitation – No Stacking of Limits of Insurance" Endorsement)**

35. CSU incorporates as if fully stated herein, the allegations contained in the paragraphs 1-34 above.

36. The Policies include a "Limitation – No Stacking of Limits of Insurance" endorsement, which provides as follows:

> This endorsement modifies insurance provided under the following:
>
> ALL COVERAGE FORMS OR COVERAGE PARTS PROVIDING LIABILITY COVERAGE
>
> The Conditions are amended to add the following:
>
> If two or more liability coverage forms, coverage parts or policies issued to you by us or any company affiliated with us apply to the same claim for damages, the maximum Limits of Insurance shall not exceed the highest applicable Limits of Insurance available under any one coverage form, coverage part or policy.
>
> This endorsement does not apply to any coverage form, coverage part or policy issued by us or an affiliated company specifically to apply as excess insurance over this policy.

37. CSU seeks a declaration from this Court that the maximum limit of insurance, if any, available to Accurate Building and/or Beazer for the claims made in the Underlying Lawsuit shall not exceed the highest applicable limit available under any one policy issued by CSU.

9

## FOR A FIFTH DECLARATION
### (Policy Exclusions)

38.     CSU incorporates as if fully stated herein, the allegations contained in the paragraphs 1-37 above.

39.     Section I—Coverages, paragraph 2. Exclusions of Coverage A Bodily Injury and Property Damage Liability of the policies contains certain standard policy exclusions, namely: "a. Expected or Intended Injury," "c. Contractual Liability," "j. Damage to Property," "k. Damage To Your Product," and "l. Damage To Your Work."

40.     The Policies provide, in relevant part, as follows:

> **2.**     Exclusions
>
> This insurance does not apply to:
>
> **a.**     Expected or Intended Injury
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .
>
> **b.**     Contractual Liability
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> **(1)**     That the insured would have in the absence of the contract or agreement; or
>
> **(2)**     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

10

      **(a)**    Liability to such party for, or for the costs of, that party's defense has also been assumed in the same "insured contract"; and

      **(b)**    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

****

**j.**    Damage To Property

"Property damage" to:

****

    **(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    **(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

****

Paragraphs **(3)**, **(4)**, **(5)**, and **(6)** of this exclusion do not apply to liability assumed under a side-track agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

****

**k.**    Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

**l.**    Damage To Your Work

11

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

****

41. In addition to the above exclusions, the Policies contain an endorsement "Contractors – Changes to Commercial General Liability Coverage Part" which includes an exclusion for breach of contract. The exclusion provides as follows:

### Exclusion – Breach of Contract

**A.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability:**

> This insurance does not apply to any claim for "bodily injury" or "property damage" arising directly or indirectly from breach of express or implied contract, including breach of implied in law or implied in fact contract. This exclusion does not apply to liability for damages that an insured would have in the absence of the contract.

42. The above-referenced policy exclusions provide that coverage is not available under the Policies to the extent that the damages and/or claims alleged by Cameron Village HOA fall within any of these exclusions. Therefore, CSU is entitled to a declaration from the Court that it has no duty to indemnify Accurate Building and/or Beazer for such damages or claims.

### FOR A SIXTH DECLARATION
### (Punitive Damages Exclusion)

43. CSU incorporates as if fully stated herein, the allegations contained in the paragraphs 1 - 42 above.

44. The Policies contain a "Changes to Commercial General Liability Coverage Form" endorsement which includes an exclusion for punitive damages. The exclusion provides as follows:

12

**EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES**

    A.    The following exclusion is added to Paragraph **2., Exclusions** of **Section I - Coverage A - Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I - Coverage B - Personal and Advertising Injury Liability**:

    2.    Exclusions

    This insurance does not apply to:

    Any claim of indemnification for punitive or exemplary damages. If a suit is brought against any insured for a claim covered by this Coverage Part, seeking both compensatory and punitive or exemplary damages, we will provide a defense to such action. However, we will not have an obligation to pay for any costs, interest, or damages, attributable to punitive or exemplary damages. If state law provides for statutory multiple damage awards, we will pay only the amount of the award before the multiplier is added.

    45.    Cameron Village HOA seeks punitive damages and treble damages in the Underlying Lawsuit. Such damages are expressly excluded under the Policies. Therefore, CSU is entitled to a declaration from the Court that it has no duty to indemnify Accurate Building or Beazer, as an additional insured, for such damages under the Policies.

<u>**FOR A SEVENTH DECLARATION**</u>
**(Prior Injury or Damage Exclusion)**

    46.    CSU incorporates as if fully stated herein, the allegations contained in paragraphs 1-45 above.

    47.    The Policies contain a "Changes to Commercial General Liability Coverage Form" endorsement which includes an exclusion for prior injury or damage. The exclusion provides as follows:

    **EXCLUSION - PRIOR INJURY OR DAMAGE**

    A.    The following exclusion is added to Paragraph **2., Exclusions** of **Section I - Coverage A - Bodily Injury and Property Damage**:

13

> This insurance does not apply to any "bodily injury" or "property damage" that:
>
> 1. first occurred prior to the Effective date of this Coverage Part;
>
> 2. is alleged to be in the process of occurring as of the Effective date of this Coverage Part; or
>
> 3. is in the process of settlement, adjustment or "suit".
>
> This exclusion applies to all continuing injury or damage:
>
> 1. arising from the same or similar cause, including continuous or repeated exposure to substantially the same general harmful conditions; or
>
> 2. at the same or adjacent location; or
>
> 3. from the same or similar work; or
>
> 4. from the same product or service.
>
> . . .

48. Cameron Village HOA alleges that there has been continuous exposure to moisture and water that intruded and continues to intrude into the townhouse condominiums and buildings causing damages, and that such damages began upon completion of the Project and are continuing.

49. Upon information and belief, Accurate Building completed its work at the Project in or around May, 2016. There is no coverage for Accurate Building or Beazer, as an additional insured, under the 2017-2018 and 2018-2019 Policies as the alleged "property damage," if any, first occurred or was in the process of occurring prior to the effective dates of those policies. Therefore, CSU is entitled to a declaration from the Court that it has no duty to defend or indemnify Accurate Building or Beazer, as an additional insured, under the 2017-2018 and 2018-2019 policies.

**FOR AN EIGHTH DECLARATION**
(Additional Insured Prior Knowledge Exclusion)

50. CSU incorporates as if fully stated herein, the allegations contained in the paragraphs 1 - 49 above.

51. The Policies contain a "Changes to Commercial General Liability Coverage Form" endorsement which includes an exclusion for the additional insured's prior knowledge. The exclusion provides as follows:

> **EXCLUSION - ADDITIONAL INSURED PRIOR KNOWLEDGE**
>
> **A.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**:
>
> This insurance does not apply to an additional insured added by attachment of an endorsement to this Coverage Part that is seeking coverage for a claim or "suit" if that additional insured knew, per the following paragraph, that "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part, prior to the policy period in which such "bodily injury" or "property damage" occurs or begins to occur.
>
> An additional insured added by attachment of an endorsement to this Coverage Part will be deemed to have known that "bodily injury" or "property damage" has occurred or has begun to occur at the earliest time when that additional insured, or any one of its owners, members, partners, managers, executive officers, "employees" assigned to manage that additional insured's insurance program, or "employees" assigned to give or receive notice of an "occurrence," claim or "suit":
>
> **1.** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
>
> **2.** Receives a written or verbal demand or claim for damages because of the "bodily injury," or "property damage";
>
> **3.** First observes or reasonably should have first observed, the "bodily injury" or "property damage"; or
>
> **4.** Becomes aware, or reasonably should have become aware, by any means other than as described in **3.** above, that

"bodily injury" or "property damage" had occurred or had begun to occur.

52. Upon information and belief, Accurate Building completed its work at the Project in or around May, 2016. Cameron Village HOA alleges that there has been continuous exposure to moisture and water that intruded and continues to intrude into the townhouse condominiums and buildings causing damages, and that such damages began upon completion of the Project and are continuing.

53. To the extent that Beazer qualifies as an additional insured and knew, as outlined in the policy exclusion set forth above, that "property damage" had occurred or had begun to occur, in whole or in part, prior to the inception of any of the Policies issued to Accurate Building, coverage is excluded under the Policies. Therefore, CSU is entitled to a declaration from the Court that it has no duty to defend or indemnify Beazer, as an additional insured, under the any policy which incepted after the date Beazer had knowledge of "property damage" that had occurred or begun to occur, in whole or in part at the Project.

**FOR A NINTH DECLARATION**
**(Coverage for Beazer as an Additional Insured is Limited to Completed Operations)**

54. CSU incorporates as if fully stated herein, the allegations contained in the paragraphs 1 - 53 above.

55. The Policies contain two additional insured endorsements specifically naming Beazer as an additional insured - one that addresses ongoing operations and one that addresses work included in the products-completed operations hazard. A third additional insured endorsement does not specifically name any entities as additional insureds but includes as additional insureds organizations Accurate Building agreed in writing in a contract or agreement to add as an additional insureds to its policies. The third endorsement includes both ongoing operations for the additional insured and work performed for the additional insured and included in the

16

products-completed operations hazard. CSU craves reference to the Policies for the precise terms and conditions of the additional insured endorsements.

56. Upon information and belief, Accurate Building completed its work at the Project in or around May, 2016. Cameron Village HOA alleges that the damages began upon completion of the Project and are continuing. There are no allegations in the Underlying Lawsuit for damages caused during ongoing operations.

57. Therefore, to the extent that coverage, if any, is afforded to Beazer as an additional insured, it is limited to coverage for "property damage" caused in whole or in part by Accurate Building's work performed for Beazer and included in the products-completed operations hazard, subject to any and all applicable limitations and/or exclusions.

**FOR A TENTH DECLARATION**
**(No Coverage for "Property Damage" That Is Not Caused By An "Occurrence")**

58. CSU incorporates as if fully stated herein, the allegations contained in the paragraphs 1 - 57 above.

59. The insuring agreement for the Policies requires that the "property damage" be the result of an "occurrence." "Occurrence" is defined in the Policies as "an accident including continuous and repeated exposure to substantially the same general harmful conditions."

60. The Underlying Lawsuit alleges claims against Accurate Building and Beazer for breach of warranty, violation of the South Carolina Unfair Trade Practices Act and breach of fiduciary duty (as to Beazer only). These claims do not constitute occurrences under the Policies and, therefore, CSU is entitled to a declaration that there is no duty to indemnify Accurate Building and Beazer for any damages attributable to such claims.

**WHEREFORE,** CSU prays that the Court enter an Order declaring the rights of the parties as follows:

a. There is no coverage for Accurate Building or Beazer, as an additional insured, under the 2014-2015 and 2015-2016 policies because the work at the Project was not completed until after expiration of the policy periods;

b. There is no coverage for Accurate Building or Beazer, as an additional insured, under the 2018-2019 policy because the Tract Homes and Multi-Family Housing With Exceptions exclusion excludes coverage for the claims and damages claimed in the Underlying Lawsuit;

c. There is no coverage for Accurate Building or Beazer, as an additional insured, under the 2017-2018 and 2018-2019 Policies as the alleged "property damage," if any, first occurred or was in the process of occurring prior to the effective dates of those policies;

d. There is no coverage for Accurate Building and/or Beazer under any of the Policies because they have failed to satisfy one or more conditions of the Independent Contractors Limitations endorsement;

e. Coverage is excluded under the Policies to the extent that Beazer knew that "property damage" had occurred or had begun to occur, in whole or in part, prior to the inception of any of the Policies issued to Accurate Building;

f. The Policies provide coverage, if any, for only some of the claims asserted/damages alleged by Cameron Village in the Underlying Lawsuit because some of the claims asserted/damages alleged do not constitute an occurrence or are otherwise excluded;

g. Coverage is excluded under all of the Policies for Cameron Village HOA's claims for punitive and treble damages;

h. To the extent that there is any coverage for Beazer as an additional insured, it is limited to coverage for property damage for the work performed by Accurate Building for Beazer and included in the products-completed operations hazard;

18

i. To the extent that there is any coverage under any of the Policies for Accurate Building or Beazer, as an additional insured, the maximum limit of insurance, if any, for the claims made in the Underlying Lawsuit shall not exceed the highest applicable limit available under any one policy issued by CSU;

j. CSU has no duty to defend or indemnify Beazer in the Underlying Lawsuit if there is no coverage provided for it under any of the Policies;

k. If the Court determines that Accurate Building has complied with the Independent Contractors Limitations endorsement, CSU only has a duty to defend and indemnify it for covered claims and damages, if any, under the 2016-2017 policy;

l. CSU has no duty to defend or indemnify Accurate Building and/or Beazer, as an additional insured, in the Underlying Lawsuit if there is no coverage provided for them under any of the Policies; and

m. CSU prays that the Court award the costs of the action and any such other and further relief as this Court shall deem just and proper.

s/Jennifer E. Johnsen
Phillip E. Reeves (Federal ID # 3232)
Jennifer E. Johnsen (Federal ID # 5427)
Gallivan, White & Boyd, P.A.
Post Office Box 10589
Greenville, South Carolina 29603
(864) 271-9580

Attorneys for Plaintiff,
Cincinnati Specialty Underwriters
Insurance Company

April 2, 2021